IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| FEDERAL INSURANCE CO., <br> as subrogee of Brown International, Inc. <br><br> Plaintiff, <br><br> v. <br><br> ROWE MACHINERY, INC., <br> and ELMOS HAYES LAY <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | **Summons** <br> (Issued pursuant to Rule 4 of <br> the Federal Rules of Civil <br> Procedure or other appropriate <br> law.) <br><br> CIVIL ACTION CASE NUMBER: <br><br> 2:06-cv-947-WKW |

TO DEFENDANT   Elmos Hayes Lay, 35 County Road 3454, Haleyville, Alabama 35565

You are hereby summoned and required to serve upon plaintiff's attorney(s):

L. Jackson Young, Jr., Huckaby Scott & Dukes, P.C., 2100 Third Avenue North, Suite 700,

Birmingham, Alabama 35203

a response to the complaint which is herewith served upon you, within __20__ days after service of the summons upon you, exclusive of the day of service. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.** A signed copy of your response MUST also be filed with the court.

DATE: 10/19/2006

DEBRA P. HACKETT, CLERK

By: [signature]

Deputy Clerk

(SEAL OF COURT)

SEE REVERSE SIDE FOR RETURN

NOTE: A separate summons must be
prepared for each defendant.

CLERK, U. S. DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
One Church Street
Montgomery, Alabama 36104

CASE NO. _____

## RETURN ON SERVICE OF WRIT

I hereby certify and return that on the __20__ day of __Oct.__, __2006__, I served this summons together with the complaint as follows:

- [x] By personal service on the defendant at __Elmos Huyes Lay__ __35 County Road 3454, Haleyville AL.__

- [ ] By serving a person of suitable age and discretion then residing in the defendant's usual place of abode. (Give name and address of person served.)

  _____

  _____

- [ ] By serving an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process of the defendant corporation, partnership, or unincorporated association. (Give name, capacity and address of person served.)

  _____

  _____

*I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.*

__10-20-06__                __[signature]__
Date                        Authorized or Specially Appointed Process Server

Costs of Service:   Service fee:                          $ _____
                    Expenses: _____ miles @ _____ cents   $ _____
                                            TOTAL         $ _____

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| FEDERAL INSURANCE CO. a/s/o Brown International, Inc., | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION FILE NO. 2:06-cv-947-WKW |
| ROWE MACHINERY, INC., and ELMOS HAYES LAY. | ) ) ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) ) ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Federal Insurance Company, as subrogee of Brown International, Inc., and brings this Complaint for Damages against Elmos H. Lay and Rowe Machinery, Inc., showing this Court as follows:

### PARTIES

**1.**

At all times material hereto, Plaintiff Federal Insurance Company ("Plaintiff"), as subrogee of Brown International, Inc., was and is an insurance carrier organized and existing under the laws of the state of New Jersey, with its principal place of business at 15 Mountain View Road, Suite 1615, Warren, New Jersey.

**2.**

Defendant Lay is an individual and upon information and belief, is a resident of the State of Alabama and his last known address is 35 County Road 3454, Haleyville,

1

Alabama.

**3.**

Defendant Rowe Machinery, Inc. ("Rowe") was and is an Alabama corporation, with its principal place of business at Highway 195 E., Forkville Community, Haleyville, Alabama 35565. Defendant may be served by and through its registered agent, William L. Rowe at its principal place of business.

**4.**

At all times relevant hereto, Federal issued and provided insurance coverage to Brown International, Inc. ("Brown International"), which insured the property referred to herein.

**JURISDICTION AND VENUE**

**5.**

Pursuant to 28 U.S.C. §1332, jurisdiction is proper in this Court as the subject controversy exceeds $75,000.00, exclusive of interest and costs, and there is diversity of citizenship between Plaintiff and Defendants.

**6.**

Pursuant to 28 U.S.C. §1391(a), venue is proper in this court, because a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

**FACTS**

**7.**

Brown International is a defense contractor that engineers, manufactures, and supplies equipment, software, and intelligence systems.

**8.**

Brown International designed and manufactured a Joint Based Expeditionary Connectivity Center, inclusive of a hummer vehicle with electronic equipment, and a trailer equipped with a generator, environmental control unit, and a liner (the "property").

**9.**

Brown International contracted with Rowe to transport the property.

**10.**

On October 21, 2004, Brown International loaded the property onto a flatbed tractor trailer truck owned by Rowe and operated by Rowe's employee Elmos Hays Lay ("Mr. Lay").

**11.**

While traveling on U.S. Highway 31, South of Montgomery, Alabama, Mr. Lay collided with a tractor trailer truck owned and operated by Godwin Material (the "accident"), due to his following the Godwin Material truck too closely.

**12.**

As a direct and proximate cause of the accident, Brown International suffered substantial losses for which Federal, pursuant to the terms and conditions of its insurance contract, paid its insured, in the amount of $100,000.00.

**13.**

By reason of the aforementioned payment, pursuant to the terms and conditions of its insurance policy, and by operation of law, Federal is subrogated to Brown International's rights of recovery to the extent of the payment made.

**14.**

Federal is, therefore, entitled to have and recover from Defendants, both jointly and severally, its damages resulting from their respective negligence.

## COUNT I– NEGLIGENCE – ELMOS LAY

**15.**

Plaintiff alleges and incorporates fully by reference the allegations of paragraphs 1 through 14 above.

**16.**

On October 21, 2004, while traveling on U.S. Highway 31, South of Montgomery, Alabama Defendant Lay was driving too closely to a vehicle owned and operated by Godwin Material. When Godwin Material applied its brakes to stop its vehicle, Defendant Lay lost control of his vehicle and plowed into Godwin's vehicle causing damage to Plaintiff's property.

**17.**

Defendant Lay owed a duty to Plaintiff to operate his vehicle in a safe and prudent manner.

**18.**

Defendant breached his duty to Plaintiff when he failed to comply with the construction zone's posted speed limit, and maintain control of his vehicle, and the rules and regulations of the State of Alabama Department of Motor Vehicles.

**19.**

As a direct and proximate result of Defendant Lay's negligence, Plaintiff's property was destroyed.

## COUNT II – NEGLIGENCE OF ROWE MACHINERY

**20.**

Federal realleges and incorporates Paragraphs 1 through 14 as though fully set forth herein.

**21.**

Rowe undertook for consideration to transport Brown International's property.

**22.**

Rowe owed a duty to fulfill its assignment of transporting the property in a reasonable and competent manner.

**23.**

Rowe owed a duty to exercise reasonable care in hiring, retaining, assigning, and supervising its employees.

**24.**

Rowe's employee knew or should have known that following another vehicle too closely, while traveling on an interstate, may result in a motor vehicle collision, resulting in damage to the property.

**25.**

The loss and damages described herein were directly and proximately caused by the negligence, carelessness, and/or recklessness of Rowe, by and through its agents, employees and/or workmen, acting within the scope and course of their employment.

**26.**

Rowe breached its duty owed to Plaintiff by failing to complete its assignment in a reasonable and competent manner.

**27.**

Rowe breached its duty owed to Plaintiff by failing to exercise reasonable care in hiring, retaining, assigning, and supervising its employees.

**28.**

Rowe breached its duty owed to Plaintiff by failing to follow the Rules and Regulations of the State of Alabama Department of Motor Vehicles.

**29.**

As a result of Rowe's negligence, Plaintiff suffered losses in the amount of $100,000.00.

## COUNT III – BREACH OF CONTRACT – ROWE MACHINERY

**30.**

Federal realleges and incorporates Paragraphs 1 through 14 as though fully set forth herein.

**31.**

Brown International contracted with Rowe to provide reasonably competent and capable employees to transport the property.

**32.**

Rowe breached its contract with Brown International when it supplied an employee who failed to complete his assignment in a reasonable and competent manner.

**33.**

Rowe breached its contract with Brown International when it disregarded the Rules and Regulations of the State of Alabama's Department of Motor Vehicles, resulting in a motor vehicle accident and substantial damage to the property.

**34.**

Federal's damages were proximately caused by Rowe's breach of its contractual obligations.

**35.**

Federal is, therefore, entitled to have and recover from Defendant its damages resulting from Rowe's breach of contract in the amount of $100,000.00.

**WHEREFORE**, Plaintiff demands:

    a.    that summons and process issue to compel Defendants to appear and answer this Complaint;

    b.    that Federal have judgment against Defendants, jointly and severally, in the amount of $100,000.00, plus costs and interest as provided by law;

    c.    trial by jury of all claims and claims for damages; and

    d.    any other relief that this Court deems just and proper.

Submitted this 19th day of October, 2006.

Respectfully Submitted,

By: _____
L. Jackson Young, Jr.
Bar No.: Bar No.: ASB-7946-G65L

**OF COUNSEL:**
John W. Scott (ASB-1788-T68J)
L. Jackson Young, Jr.

HUCKABY SCOTT & DUKES, P.C.
Concord Center
2100 Third Avenue North, Suite 700
Birmingham, Alabama 35203

Telephone: (205) 251-2300
Telecopier: (205) 251-6773

**CO- COUNSEL:**
Karen D. Fultz
Georgia Bar No. 266973
Cozen O'Connor
303 Peachtree Street, NE
2200 SunTrust Plaza
Atlanta, Georgia 30308
(404) 572-2000 voice
(404) 572-2199 facsimile